IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNIE BANKSTON,
#R-16224,

        Plaintiff,

vs.                                      Case No. 17-cv-00070-DRH

MICHEAL WILLIAMS,
JEFFREY DENNISON,
KENNETH HAMILTON,
ANGELA,
TIMOTHY QUIGLEY,
O. TALMAGE, and
C/O DURHAM,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff Johnnie Bankston, an inmate who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 by filing a Motion for Temporary Restraining Order ("TRO Motion") (Doc. 1) and a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2). He did not file a separate Complaint.

    The Court will immediately take up this matter based on Plaintiff's request for a TRO. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). Because Plaintiff "struck out" before filing this action by filing 3 or more cases that were dismissed for failure to state a claim, the Court must also consider his request to proceed in this action without prepayment of the $400.00

filing fee.  *See* 28 U.S.C. § 1915(g).  For the reasons set forth herein, both Motions (Docs. 1, 2) shall be **DENIED**.

## TRO Motion

Plaintiff seeks a TRO prohibiting all further retaliation and harassment at Shawnee.  (Doc. 1, pp. 1-5).  According to his TRO Motion, Plaintiff has endured seventeen months of "subtle" retaliation by prison officials.  (Doc. 1, p. 1).  This retaliation has taken many forms.  (Docs. 1, 1-1).

For example, Plaintiff alleges that he was issued a disciplinary ticket for fighting and punished with segregation following an unfair disciplinary hearing before Officers Quigley and Hamilton on September 11, 2015.  (Doc. 1, p. 1).  Almost a year later in August 2016, some of Plaintiff's legal materials were confiscated during a cell shakedown conducted by an unknown officer.[1]  (Doc. 1, p. 2).  The same month, Hamilton accused Plaintiff of filing a federal lawsuit against him, adding, "I wish you would . . . so I could of got time off."  *Id.*  Another prison official, Angela, failed to facilitate a phone call between Plaintiff and his attorney in a post-conviction matter in October 2016.  *Id.*  Chaplain Williams failed to quickly authorize Plaintiff's transition from a vegetarian diet to a kosher diet in November 2016.  (Doc. 1, pp. 3-4).  The following month, Tomalge served Plaintiff one or more unapproved food items on a chipped tray with black edges. (Doc. 1, p. 4).  On January 13, 2017, Hamilton warned Plaintiff that he would "fuck [Plaintiff] over every chance [he] get[s]."  *Id.*  Two days later, Officer Durham conducted a shakedown of Plaintiff's cell and threatened him with "worse."  *Id.*

---

[1] The unknown officer is not named as a defendant.

Based on the conduct described herein, Plaintiff seeks a TRO prohibiting Shawnee officials from engaging in retaliation and harassment against him. (Doc. 1, p. 5).

A TRO is an order issued without notice to the party to be enjoined, and it may last for no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). The Court may not issue a TRO unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* FED. R. CIV. P. 65(b)(1)(A).[2]

Without expressing an opinion regarding the ultimate merits of Plaintiff's claim(s), the Court finds that a TRO should not be issued at this time. Plaintiff's complaints regarding numerous "subtle" acts of retaliation and harassment seem largely unrelated to one another. The conduct at issue occurred over the course of seventeen months, with significant time gaps between each incident. For example, there was an 11-month passage of time between Plaintiff's disciplinary hearing in September 2015 and the confiscation of his legal materials in August 2016. The more recent conduct described in the TRO Motion is attributable to numerous individuals. Both the conduct and the actors have little or no discernable connection to one another. Moreover, the inconveniences,

---

[2] In contrast, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

annoyances, and targeted comments described in the motion present no perceivable threat of harm to Plaintiff, let alone any risk of irreparable harm.

Given these considerations, Plaintiff's request for a TRO prohibiting all retaliation and harassment by the defendants is **DENIED**. Plaintiff remains free to renew his request for a TRO or a preliminary injunction any time it becomes necessary to do so during the pending action. *See* FED. R. CIV. P. 65(a)-(b).

### IFP Motion

Plaintiff also filed an IFP Motion (Doc. 2), in which he seeks leave to proceed in this action without prepayment of the Court's usual $400.00[3] filing fee. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion and affidavit satisfy these requirements.

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

The IFP Motion is subject to denial for other reasons. According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had at least 3 prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Bankston v. IDOC, et al.*, Case No. 15-cv-01272-SMY (S.D. Ill. dismissed Dec. 11, 2015); *Bankston v. IDOC, et al.*, Case No. 15-cv-01273-JPG (S.D. Ill. dismissed Dec. 11, 2015); *Bankston v. IDOC, et al.*, Case No. 15-cv-01274-SMY (S.D. Ill. dismissed Jan. 5, 2016). Because Plaintiff has accumulated 3 "strikes" for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury. Plaintiff has not satisfied this requirement.

"[I]mminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to show imminent danger. *Id.* Rather,

"the harm must be imminent or occurring at the time the complaint is filed." *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d 328, 331 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

Plaintiff does not claim that he faces imminent danger at this time. He instead lists various frustrations and complaints about prison life. (Docs. 1, 1-1). Many incidents occurred in the past (*e.g.*, his punishment with segregation for a false disciplinary ticket (September 2015), confiscation of legal materials (August 2016), and interference with an attorney-client phone call (November 2016)). These incidents appear to be isolated and unconnected to any larger campaign of retaliation against him.

Plaintiff also describes more recent incidents (*e.g.*, problems with his religious diet (November 2016), delivery of food on a cracked and dirty tray (December 2016), a cell shakedown (January 2017), and a threat to inflict "worse" punishment (January 2017)). However, Plaintiff describes each incident in vague terms and fails to demonstrate that any single incident, or a combination of them, places him in imminent danger of serious physical injury. Under the

circumstances, Plaintiff cannot clear the "3-strikes" hurdle under § 1915(g). He is ineligible to proceed IFP in this action, and the IFP Motion is **DENIED**.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 1) is **DENIED** without prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is also **DENIED**.

Plaintiff is **ORDERED** to prepay the full filing fee of $400.00 within **twenty-eight (28) days** (on or before **February 23, 2017**), if he wishes to proceed with this action. Failure to comply with the payment deadline set forth herein will result in dismissal of the action for failure to comply with a court order and/or for failure to prosecute the action. *See* FED. R. CIV. P. 41(b). Further, a separate order will issue for the prison Trust Fund Officer to deduct payments from Plaintiff's trust fund account until the $400.00 fee is paid in full. Plaintiff incurred the obligation to pay the filing fee for this lawsuit when he filed the case, and he cannot escape this obligation by disregarding this order. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS ORDERED** that on or before **February 23, 2017**, Plaintiff shall file a Complaint. He is strongly encouraged to use the Court's standard civil rights complaint form to prepare the pleading. Failure to comply with this order by the deadline set forth herein shall also result in dismissal of this action for failure to

comply with a court order and/or failure to prosecute the action.  *See* FED. R. CIV. P. 41(b).

Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Plaintiff should include allegations describing the conduct of each defendant that violated his constitutional rights.  He must clearly identify which claim(s) he is bringing against each defendant.  To the extent possible, Plaintiff should set forth his allegations in chronological order.

He may not bring several unrelated claims against different defendants in the same complaint.  Such unrelated claims are subject to severance into one or more separate actions, and Plaintiff will be obligated to pay a separate filing fee for each action.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).  If Plaintiff wishes to avoid severance and the associated filing fees, he should limit his complaint to claims that are factually and legally related.

The Clerk is **DIRECTED** to send Plaintiff a standard Civil Rights Complaint form and instructions for a person in custody, along with this Order.

Finally, Plaintiff is advised that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing not later than seven (7) days after a transfer or other change in address occurs.  Failure to notify the Court of any change in Plaintiff's address

will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 26, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.01.26 09:20:09 -06'00'

**District Judge**
**United States District Court**